**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | |
|---|---|
| **PEER GLOBAL INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**APPLE INC.,**<br><br>**Defendant.** | **Civil Action No. 7:26-cv-00033-ADA**<br><br>**JURY TRIAL DEMANDED** |

**APPLE INC.'S PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT PURSUANT TO RULE 12(b)(6) AND SECTION VII OF THE COURT'S OGP**

# TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. FACTUAL BACKGROUND .......... 2

III. LEGAL STANDARDS .......... 4

IV. ARGUMENT .......... 4

A. The Court Should Dismiss Peer's Indirect and Willful Infringement Claims Without Prejudice Under Section VII of the OGP .......... 4

B. Peer's Post-Suit Inducement Claims Should Be Dismissed Because They Still Do Not Plausibly Allege Specific Intent .......... 6

C. Peer's Post-Suit Contributory Infringement Claims Fail Because They Do Not Allege a Specific Component with No Substantial Non-Infringing Uses .......... 8

D. Because Peer Does Not Even Allege Pre-Suit Knowledge, It Cannot Sustain a Claim of Post-Suit Willfulness .......... 8

V. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*AlmondNet, Inc. v. Amazon.com, Inc.*,
No. 6:21-cv-00898-ADA, ECF No. 244 (W.D. Tex. Apr. 18, 2024) ....................................9

*Artrip v. Ball Corp.*,
735 F. App'x 708 (Fed. Cir. 2018) ....................................8

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................................4, 8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................................4

*BillJCo, LLC v. Apple Inc.*,
583 F. Supp. 3d 769 (W.D. Tex. 2022)....................................6, 8, 9

*Bos. Sci. Corp. v. Nevro Corp.*,
560 F. Supp. 3d 837 (D. Del. 2021)....................................10

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) ....................................4

*Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*,
No. 18-098 (MN), 2018 WL 6629709 (D. Del. Dec. 19, 2018) ....................................6

*Global eTicket Exch. Ltd. v. Ticketmaster LLC*,
No. 6:21-cv-00399-ADA, ECF No. 161 (W.D. Tex. Mar. 15, 2023)....................................9

*Global-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011)....................................6

*Grecia Est. Holdings LLC v. Meta Platforms, Inc.*,
605 F. Supp. 3d 905 (W.D. Tex. 2022)....................................4

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
579 U.S. 93 (2016)....................................10

*Helios Streaming, LLC v. Vudu, Inc.*,
2020 WL 3167641 (D. Del. June 15, 2020)....................................10

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
594 F.3d 383 (5th Cir. 2010) ....................................4

*McZeal v. Sprint Nextel Corp.*,
501 F.3d 1354 (Fed. Cir. 2007)....................4

*NexStep, Inc. v. Comcast Cable Commc'ns, LLC*,
2021 WL 4077778 (D. Del. Aug. 20, 2021)....................9

*Parity Networks, LLC v. Cisco Sys., Inc.*,
No. 6:19-cv-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019)....................6

*Sonos, Inc. v. Google LLC*,
591 F. Supp. 3d 638 (N.D. Cal. 2022), *leave to appeal denied*, No. 2022-134,
2022 WL 1486359 (Fed. Cir. May 11, 2022)....................10

*Sprint Commc'ns Co. v. Atl. Broadband Fin. LLC*,
2021 WL 982735 (D. Del. Mar. 16, 2021)....................10

*Universal Elecs., Inc. v. Roku, Inc.*,
2019 WL 1877616 (C.D. Cal. Mar. 5, 2019)....................9

*Vaporstream, Inc. v. Snap Inc.*,
2020 WL 136591 (C.D. Cal. Jan. 13, 2020)....................9

*WSOU Invs. LLC v. Google LLC*,
No. 6:20-cv-00585-ADA, ECF No. 273 (W.D. Tex. Dec. 6, 2023)....................9

**Statutes**

35 U.S.C. § 271(b)....................6

35 U.S.C. § 271(c)....................1, 8

35 U.S.C. § 284....................10

**Other Authorities**

Fed. R. Civ. P. 11....................5

Fed. R. Civ. P. 12(b)(6)....................1, 2, 4, 6

Fed. R. Civ. P. 50(a)....................9

Defendant Apple Inc. ("Apple") respectfully moves to dismiss the indirect and willful infringement claims in Plaintiff Peer Global Inc.'s ("Peer") First Amended Complaint without prejudice under Section VII of the Court's OGP and under Federal Rule of Civil Procedure 12(b)(6).

## I. INTRODUCTION

Peer accuses Apple of infringing three patents directed to a "selection ring" user interface. In addition to direct infringement allegations, however, Peer's Amended Complaint alleges post-suit indirect and willful infringement, which Apple moves to dismiss on two grounds.

First, Peer's post-suit indirect and willful infringement claims should be dismissed at this stage as contrary to Section VII of this Court's Standing Order Governing Proceedings (OGP)—Patent Cases ("OGP"), which provides for early dismissal of indirect and willful infringement claims without prejudice, with leave to re-plead after fact discovery opens.

Second, Peer's post-suit indirect and willful infringement claims should be dismissed under Rule 12(b)(6). For inducement, Peer identifies only generic product promotions and developer materials—none of which allege sufficient facts that Apple knew the conduct it encouraged constituted infringement. Indeed, Peer's claim charts contain no Apple instructions suggesting accused conduct. For contributory infringement, Peer never identifies a specific component that is material to infringement and lacks substantial non-infringing use under 35 U.S.C. § 271(c). Instead of engaging with the requirements of § 271(c), Peer's Amended Complaint vaguely discusses "Liquid Glass features," "Liquid Glass components," applications, and "basic operations" in a single paragraph, all of which is insufficient. Post-suit willfulness fares no better. Peer relies entirely on service of the complaint—conduct this Court has consistently found insufficient to sustain the egregious-conduct standard required for enhanced damages.

Apple respectfully requests that the Court grant this Motion and dismiss Peer's remaining post-suit indirect infringement and willfulness claims without prejudice under Section VII of the OGP or, alternatively, under Rule 12(b)(6).

## II. FACTUAL BACKGROUND

Peer asserts three patents: U.S. Patent No. 11,137,878, ECF No. 26-1 (the "'878 patent"), U.S. Patent No. 11,650,712, ECF No. 26-2 (the "'712 patent"), and U.S. Patent No. 11,966,559, ECF No. 26-3 (the "'559 patent") (collectively, the "Asserted Patents"), which all share a common specification. *Compare* '878 patent col. 1, l. 1–col. 28, l. 10 *with* '712 patent col. 1, l. 1–col. 28, l. 10, *and* '559 patent col. 1, l. 1–col. 28, l. 10. The Asserted Patents claim methods for operating a user interface through a so-called "selection ring." *See, e.g.*, '712 patent cl. 1. Each Asserted Patent's Claim 1 recites a multi-step sequence in which the user activates or selects the "selection ring," icons are presented "in response to" that action, the user manipulates the "selection ring's" position, and an icon is selected based on the "position of the selection ring." *See* '878 patent cl. 1 (eight steps); '712 patent cl. 1 (four steps); '559 patent cl. 1 (six steps). Claim 1 of the '712 patent is presented in full below:

> *1[pre] A method, comprising;*
> *1[a] presenting, by a processor of a computing device, a* ***selection ring*** *in a first graphical user interface;*
> ***1[b] in response to receiving a first selection of the selection ring, presenting, by the processor, a plurality of icons in the first graphical user interface;***
> *1[c] receiving, by the processor, user manipulation of a position of the* ***selection ring*** *within the first graphical user interface without altering a location of the plurality of icons being presented within the first graphical user interface; and*
> *1[d] in response to receiving a second selection associated with the* ***selection ring****, selecting an icon from the plurality of icons based on the position of the* ***selection ring*** *within the first graphical user interface; and presenting, by the processor, a second graphical user interface to the user based on the selected icon.*

’712 patent cl. 1 (emphasis added to “selection ring” and “in response to” limitations; limitation numbering added).

The Amended Complaint accuses Apple’s iPhones and iPads running iOS 26 and iPadOS 26 (the “Accused Devices” and “Accused Software”) of infringing one or more claims of each Asserted Patent through Apple Music, Apple News, Apple Podcasts, Apple Books, Apple Phone, Apple Arcade, and the App Store. ECF No. 26 ¶¶ 26–36, 40–50, 54–64. Peer attaches claim charts using Apple Music on iPhone and Apple Arcade on iPad as representative examples. ECF Nos. 26-4, 26-5, 26-6.

Apple moved to dismiss the original complaint on April 10, 2026, challenging Peer’s direct infringement allegations, as well as the indirect and willful infringement claims. ECF No. 18. Peer agreed to dismiss its *pre-suit* indirect and willful infringement allegations without prejudice but refused to extend the same treatment to its *post-suit* claims. ECF No. 13.

Peer then filed the Amended Complaint on April 24, 2026, supplementing its direct infringement claims, but also re-asserting its ***post-suit*** indirect and willful infringement allegations. ECF No. 26 ¶¶ 32–36, 46–50, 60–64. Those allegations share a single factual predicate: Apple allegedly received service of the original complaint on February 4, 2026. *Id.* ¶¶ 32, 46, 60. Peer alleges no pre-suit knowledge of any Asserted Patent. Peer’s inducement allegations rely on Apple’s promotion of the Accused Software, iOS/iPadOS updates, and Liquid Glass developer materials. *Id.* ¶¶ 33–34, 47–48, 61–62. Peer’s contributory infringement allegations refer variously to “Liquid Glass features,” “Liquid Glass components,” applications incorporating those components, and “basic operations of the Accused Devices.” *Id.* ¶¶ 36, 50, 64.

On May 8, 2026, counsel for Apple and counsel for Peer met and conferred under Local Rule CV-7(g) and Section VII of the OGP regarding dismissal of Peer’s post-suit indirect and

willful infringement claims. Peer declined to dismiss those claims, and the parties reached an impasse. This Motion followed.

## III. LEGAL STANDARDS

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must apply the law of the regional circuit, *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007), but in the patent context, a plaintiff "cannot assert a plausible claim for infringement under the *Iqbal*/*Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). A literal infringement claim "require[s] a showing that each and every limitation set forth in a claim appears in the accused product." *Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, 605 F. Supp. 3d 905, 909 (W.D. Tex. 2022).

## IV. ARGUMENT

### A. The Court Should Dismiss Peer's Indirect and Willful Infringement Claims Without Prejudice Under Section VII of the OGP

Section VII of this Court's OGP provides for early dismissal of indirect and willful infringement claims without prejudice, with leave to re-plead after fact discovery opens. The

parties have already relied on Section VII once in this case. ECF No. 13. Counsel for Apple and counsel for Peer met and conferred as Section VII requires. ECF No. 18 at 22. Peer agreed to dismiss its ***pre-suit*** indirect and willful infringement allegations without prejudice under that provision, and the parties filed a joint notice memorializing the agreement. ECF No. 13. Peer declined, however, to extend the same treatment to its ***post-suit*** indirect and willful infringement allegations. ECF No. 18 at 22. Those post-suit allegations are what remain and what this Section addresses. Apple asks the Court to dismiss them under Section VII without prejudice.

Section VII reaches all of Peer's indirect and willful infringement claims, pre-suit and post-suit alike. The provision applies to "[a]ny party seeking to dismiss claims of indirect or willful infringement before fact discovery." OGP § VII. The trigger is *when* the motion is filed: before fact discovery. *Id.* And the provision covers all "claims of indirect or willful infringement"; it does not distinguish pre-suit from post-suit, as Peer is trying to do. *Id*. Peer's Amended Complaint pleads induced, contributory, and willful infringement for each Asserted Patent. ECF No. 26 ¶¶ 32–36, 46–50, 60–64. Apple is filing this Motion well before fact discovery opens. *See* OGP App. A (fact discovery opens one business day after the *Markman* hearing). All of Peer's indirect and willful infringement claims thus fall squarely within Section VII's scope.

That reading also makes practical sense. The framework of Section VII fits post-suit allegations as cleanly as pre-suit ones. Section VII gives the patent owner three months of fact discovery on indirect and willful infringement once discovery opens, then leave to re-plead with specificity if Rule 11 supports it. OGP § VII. That structure reflects the Court's judgment that these claims are best tested after the patent owner has developed the underlying facts—what the defendant knew, when it knew it, what acts it induced, and what specific components are alleged to lack substantial non-infringing uses. Those factual predicates remain discovery-bound whether

the alleged knowledge is pre-suit or post-suit. Apple's actual post-service knowledge, the content of any inducing communications, and the components Apple allegedly contributed cannot be developed on the public record before discovery. Litigating these issues on the pleadings, before discovery opens, is what Section VII is designed to avoid.

Peer's post-suit claims should therefore be dismissed without prejudice under Section VII, just like its pre-suit ones.

### B. Peer's Post-Suit Inducement Claims Should Be Dismissed Because They Still Do Not Plausibly Allege Specific Intent

If the Court declines to dismiss under Section VII, Peer's post-suit indirect infringement and willfulness claims should be dismissed under Rule 12(b)(6) for the independent reasons set forth below.

To plead induced infringement, "a plaintiff must demonstrate that 'the defendant knew of the patent and that the induced acts constitute patent infringement.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207-ADA, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019). Knowledge of the patent alone is not enough. The Supreme Court has held that "induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). Generic references to product materials do not meet that standard. *See Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, No. 18-098 (MN), 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018) (dismissing induced infringement where the plaintiff "cites Defendants' website as support for its allegation" but "does so generically and does not identify any particular statement or material that plausibly suggests Defendants intend to induce infringement"). By contrast, this Court has found inducement adequately pleaded where the plaintiff mapped specific Apple *instructions* to asserted claim limitations. *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 780–81 (W.D. Tex. 2022).

Peer's Amended Complaint does not map any Apple instruction to any claim limitation. It alleges inducement based on Apple's conduct toward two groups—end users and developers—but for both it identifies only generic product and developer materials. ECF No. 26 ¶¶ 33–34, 47–48, 61–62. None of those materials, alone or together, supports a plausible inference that Apple knew the conduct it encouraged constitutes infringement of the Asserted Patents.

The end-user allegations describe nothing more than ordinary product promotion. Peer alleges that Apple provides the Accused Software preinstalled, promotes that software through its website, App Store, and devices, and encourages users to update to iOS 26 or iPadOS 26. *Id*. ¶¶ 33, 47, 61. None of those allegations identifies any Apple instruction that teaches users to perform the specific selection-ring sequence Peer maps in its claim charts.

The developer allegations fare no better. Peer points to Apple's "Meet Liquid Glass" WWDC video, its Liquid Glass Technology Overview, "system frameworks" that allow applications to "automatically" adopt Liquid Glass elements, SwiftUI/UIKit/AppKit components, and guidance for "segmented control" sliders. *Id.* ¶¶ 34, 48, 62. Those materials say nothing about the claimed selection-ring method. And Peer makes no attempt to connect any specific developer instruction to any specific claim limitation.

Peer's claim charts do not change the analysis. The charts reflect Peer's own theory of how Apple Music and Apple Arcade allegedly infringe. ECF Nos. 26-4, 26-5, 26-6. They do not show what Apple has told its users or developers to do, and they do not show that Apple knew the conduct it encouraged constituted infringement. The charts go to allegations of direct infringement; they do not bridge the inducement gap.

Peer's post-suit inducement claims should therefore be dismissed.

### C. Peer's Post-Suit Contributory Infringement Claims Fail Because They Do Not Allege a Specific Component with No Substantial Non-Infringing Uses

Contributory infringement requires a plaintiff to plausibly allege that a specific component is "especially made or especially adapted" for use in infringement, and is "not a staple article or commodity of commerce suitable for substantial noninfringing use." 35 U.S.C. § 271(c); *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Peer's contributory infringement allegations are nothing more than threadbare recitals of § 271(c). A plaintiff must identify a specific component or function—not the product or framework as a whole—as what is "especially made or especially adapted" for infringement. *See BillJCo*, 583 F. Supp. 3d at 782. This Court dismissed the contributory infringement claim in *BillJCo* where the plaintiff alleged that iPhones and iPads had "no substantial noninfringing uses" and "made no attempt to focus its contributory infringement allegations on any specific components or functions." *Id.* at 782.

Peer makes the same error here. Peer's labels for the alleged component shift across a single paragraph: from "Liquid Glass features," to "Liquid Glass components," to "applications incorporating the accused Liquid Glass components," and finally to "basic operations of the Accused Devices." ECF No. 26 ¶¶ 36, 50, 64. Each label points at a different layer of the iOS ecosystem. None identifies a discrete component the way § 271(c) requires.

### D. Because Peer Does Not Even Allege Pre-Suit Knowledge, It Cannot Sustain a Claim of Post-Suit Willfulness

While this Court typically addresses a post-suit willfulness claim at summary judgment or trial, the Court should dismiss Peer's post-suit willfulness claim because, under the Court's prior precedent, it has no chance to succeed. Peer relies only on the service and filing of the lawsuit as its basis for knowledge of the patent and of the alleged infringement. ECF No. 26 ¶¶ 32, 46, 60

("Apple's infringements have been willful, intentional, and deliberate. Apple knew or should have known at least by February 4, 2026, the date that it received notice, by service of the complaint in this lawsuit, that the Accused Devices and Software would . . . infringe.").

This Court has repeatedly held that claims of post-suit willfulness based solely on the filing of a complaint are not viable. *Pasafeshare LLC v. Microsoft Corp.*, No. 6:20-cv-00397-ADA, ECF No. 244 (W.D. Tex. Mar. 17, 2025) (finding no willful infringement based on post-suit willfulness claim); *AlmondNet, Inc. v. Amazon.com, Inc.*, No. 6:21-cv-00898-ADA, ECF No. 244 (W.D. Tex. Apr. 18, 2024) (same); *Global eTicket Exch. Ltd. v. Ticketmaster LLC*, No. 6:21-cv-00399-ADA, ECF No. 161 (W.D. Tex. Mar. 15, 2023) (report and recommendation granting summary judgment of no willful infringement), *adopted*, ECF No. 189 (W.D. Tex. Apr. 25, 2023); *WSOU Invs. LLC v. Google LLC*, No. 6:20-cv-00585-ADA, ECF No. 273 (W.D. Tex. Dec. 6, 2023) (granting Rule 50(a) judgment as a matter of law of no willful infringement). Courts have explained why: "post-complaint offering of the accused products is insufficient to create a fact issue regarding post-suit willfulness." *NexStep, Inc. v. Comcast Cable Commc'ns, LLC*, 2021 WL 4077778, at *13 (D. Del. Aug. 20, 2021), *report and recommendation adopted in pertinent part*, 2021 WL 4207442; *see also Vaporstream, Inc. v. Snap Inc.*, 2020 WL 136591, at *20–21 (C.D. Cal. Jan. 13, 2020) (granting summary judgment of no willful infringement, citing *Universal Elecs., Inc. v. Roku, Inc.*, 2019 WL 1877616, at *14 (C.D. Cal. Mar. 5, 2019) (noting majority of courts in Ninth Circuit have held "knowledge and continued infringement alone" are insufficient)).

Apple recognizes that this Court has not adopted the rule that a complaint cannot serve as notice of infringement, *see, e.g.*, *BillJCo*, 583 F. Supp. 3d at 778, but given the lack of binding Federal Circuit authority on this point, Apple moves the Court to follow the numerous courts that have found that the filing of a complaint cannot be used to establish notice for a willfulness claim,

reasoning that "[t]he purpose of a complaint is to obtain relief from an existing claim and not to create a claim." *Boston Sci. Corp. v. Nevro Corp.*, 560 F. Supp. 3d 837, 844 (D. Del. 2021) (quoting *Helios Streaming, LLC v. Vudu, Inc.*, 2020 WL 3167641, at *2 n.1 (D. Del. June 15, 2020)); s*ee also Sprint Commc'ns Co. v. Atl. Broadband Fin. LLC*, 2021 WL 982735, at *2 (D. Del. Mar. 16, 2021); *Sonos, Inc. v. Google LLC*, 591 F. Supp. 3d 638, 646 (N.D. Cal. 2022), *leave to appeal denied*, No. 2022-134, 2022 WL 1486359 (Fed. Cir. May 11, 2022).

When knowledge is based solely on a complaint, post-suit conduct cannot, as a matter of law, rise to the level of egregiousness required for willful infringement. As the Supreme Court explained, enhanced damages under 35 U.S.C. § 284 "are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103–04 (2016). Where a defendant—like Apple here—has no pre-suit knowledge of the patents, there is no behavior worthy of punishment. After all, the "purpose of enhanced damages is to punish and deter bad actors from egregious conduct, not to provide a financial incentive for opportunistic plaintiffs to spring suits for patent infringement on innocent actors who have no knowledge of the existence of the asserted patents." *Boston Sci.*, 560 F. Supp. 3d at 844. Because Peer's allegations offer no more than a garden-variety claim for post-suit willfulness that is certain to fail, they should be dismissed.

## V. CONCLUSION

Apple respectfully requests that the Court grant this Motion and dismiss Peer's post-suit indirect infringement and willfulness claims.

Date: May 8, 2026

Respectfully submitted,

/s/ Roger A. Denning
Roger A. Denning (Cal. Bar No. 228998)
denning@fr.com
Joy B. Kete (Admitted *pro hac vice*)
kete@fr.com
John W. Thornburgh (Admitted *pro hac vice*)
thornburgh@fr.com
Frank J. Albert, Ph.D. (Admitted *pro hac vice)*
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Noah C. Graubart (Ga. Bar No. 141862)
graubart@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005 / Fax: (404) 892-5002

Joshua H. Park (Tex. Bar No. 24121766)
jpark@fr.com
FISH & RICHARDSON P.C.
909 Fannin Street, Suite 2100
Houston, TX 77010
Tel: (713) 654-5300 / Fax: (713) 652-0109

Steven J. Wingard
Tex. Bar No. 00788694
swingard@scottdoug.com
Robert ("Robby") P. Earle
Tex. Bar No. 24124566
rearle@scottdoug.com
Stephen L. Burbank
Tex. Bar No. 24106972
sburbank@scottdoug.com
SCOTT, DOUGLAS & McCONNICO, L.L.P.
303 Colorado Street, Suite 2400
Austin, Texas 78701
Tel: (512) 495-6300 / Fax: (512) 495-6399

Attorneys *for Defendant Apple Inc.*

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on May 8, 2026, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system:

*/s/ Roger A. Denning*
Roger A. Denning

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(g) and the Court's Standing Order Governing Proceedings (OGP) – Patent Cases (March 5, 2025) at Section VII, counsel for Apple and counsel for Plaintiff conferred on May 8, 2026, regarding dismissal of Plaintiff's post-suit indirect and willful infringement claims without prejudice under Section VII of the OGP. Plaintiff declined to dismiss its post-suit indirect and willful infringement claims. The parties therefore reached an impasse on the issue of post-suit indirect and willful infringement, leaving that issue for the Court to resolve.

*/s/ Joshua H. Park*
Joshua H. Park